This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39828**

**CITY OF HOBBS,**

Plaintiff-Appellee,

v.

**FRANK SIFFORD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Court Judge**

Efren Cortez, City Attorney
Valerie S. Chacon, Deputy City Attorney
Rocio A. Ocano, Assistant City Attorney
Hobbs, NM

for Appellants

Law Office of Ross Bettis
Ross R. Bettis
Hobbs, NM

for Appellees

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant Frank Sifford appeals a district court denial of his motion to suppress, in which he argued that no reasonable suspicion supported the traffic stop that led to his arrest for aggravated driving while intoxicated, contrary to NMSA 1978, Section 66-8-102(D)(3) (2016). On appeal, Defendant argues that the district court erred in denying his motion because the relevant dashcam footage conflicted with the arresting officer's

testimony, and as such the findings of the district court are unsupported by substantial evidence. We disagree and affirm.

**DISCUSSION**

**{2}** "When reviewing a ruling on a motion to suppress, we review purely factual assessments to determine if the fact-finder's conclusion is supported in the record by substantial evidence." *State v. Cleave*, 2001-NMSC-031, ¶ 10, 131 N.M. 82, 33 P.3d 633 (internal quotation marks and citation omitted). In so doing, we "view the facts in the manner most favorable to the prevailing party." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. Our review of the application of law to those facts is de novo. *See State v. Yazzie*, 2016-NMSC-026, ¶ 15, 376 P.3d 858.

**{3}** In this case, the arresting officer testified that he pulled over Defendant's vehicle because he failed to yield to oncoming traffic when conducting a left turn, in violation of a City of Hobbs (the City) municipal ordinance. The relevant ordinance states, in part, that a "driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." Hobbs, N.M., Rev. Uniform Traffic Ordinance ch. 12, art. VI, § 12-6-4.2 (2015).

**{4}** Defendant does not argue that the arresting officer's testimony at the motion hearing was insufficient for a showing of reasonable suspicion to pull over Defendant on the basis of this ordinance. Indeed, the officer testified that, as he approached a lighted intersection showing green, Defendant's vehicle—traveling in the opposite direction—turned left across the intersection in such a manner as to force the officer to abruptly apply his brakes to avoid an accident. The officer testified that Defendant's decision to turn when he did constituted an "immediate hazard."

**{5}** Rather, Defendant argues that the officer's dashcam video contradicts this testimony. As we understand it, Defendant's view is that this "undisputable" documentary evidence shows that the officer was "simply . . . not telling the truth," and therefore his testimony must be disregarded. As a result, Defendant argues, substantial evidence does not support the district court's finding that there was an immediate hazard.

**{6}** The key precedent here is *State v. Martinez*, 2018-NMSC-007, 410 P.3d 186, in which our Supreme Court explained how appellate courts should review evidence when a party contends that a video conflicts with testimony. The Court emphasized that these scenarios are generally assessed using ordinary appellate principles of evidentiary review: that it is the role of the trial court to weigh evidence and make credibility determinations; that reviewing courts do not reweigh evidence in the aggregate; and that appellate courts must also "avoid reweighing individual factors in isolation." *Id.* ¶ 12. The Court left open the possibility that reversal of a suppression motion denial might be warranted if video evidence "indisputably established" a fact that "squarely contradict[ed]" the officer's testimony. *Id.* ¶ 17. However, absent a clear incongruence of

this nature, our standards of review mandate that we view the record in the light most favorable to the district court's ruling, and give appropriate deference to its factual findings, even when conflicting evidence may have led to an alternative result. *Id.* ¶¶ 12-18.

**{7}** Here, after viewing the dashcam video and hearing the officer's testimony, the district court ruled that reasonable suspicion existed to stop Defendant based on an apparent infraction of the failure-to-yield ordinance. Although the court acknowledged that the "speeds and distances [in the video] are uncertain," it stated that "it does appear . . . that [Defendant] turned in front of the officer, and that the officer's vehicle . . . it does appear to slow down." As a result, the court concluded that "there was reasonable suspicion that [Defendant] had violated Hobbs City Ordinance, [Section] 12-6-4.2 in that the turn was made so close as to constitute an immediate hazard." As such, to the extent the documentary evidence presented a factual dispute, the district court resolved that dispute in favor of the City.

**{8}** We are not persuaded that the district court erred. We agree with the district court that the speeds and distances in the video are inconclusive, and accordingly we do not believe that the video "indisputably" establishes the truth of Defendant's factual claims. *See Martinez*, 2018-NMSC-007, ¶ 17. Moreover, Defendant has not persuaded us of any clear contradiction that would justify a disturbance of the district court's fact finding. Defendant does not cite to *Martinez*, much less explain why the alleged inconsistency that he describes merits reversal under the standards described in that case. We decline to develop such an argument on Defendant's behalf. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181. We conclude that substantial evidence existed to deny Defendant's motion to suppress.

**CONCLUSION**

**{9}** We affirm.

**{10}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**